**Xue Gui CHEN, Petitioner,**

v.

**Alberto GONZALES, Attorney General, Respondent.**

No. 03–73536.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 4, 2004.

Decided March 18, 2005.

Jisheng Li, Esq., Law Office of Jisheng Li, Honolulu, HI, for Petitioner.

Hawaii District Counsel, Office of the District Counsel, Honolulu, HI, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Janice K. Redfern, U.S. Department of Justice, Washington, DC, for Respondent.

Before: BEEZER, GRABER, and BYBEE, Circuit Judges.

## MEMORANDUM *

Petitioner Xue Gui Chen, a citizen and national of China, petitions for review of a decision of the Board of Immigration Appeals (BIA).

■ 1. Substantial evidence supports the BIA's conclusion that Petitioner failed to meet the criteria for adjustment of status under the Chinese Student Protection Act, 8 U.S.C. § 1255(a); 8 C.F.R. § 1245.9. Specifically, the BIA concluded that Petitioner had failed to demonstrate presence in the United States before April 11, 1990.

Petitioner did not challenge, at the BIA, the immigration judge's finding that witness Mei Dong Lin was not credible, so we may not revisit the issue of that witness's credibility. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (holding that an issue not appealed to the BIA is not properly before this court). The BIA permissibly found that the remittance receipts did not support Petitioner's claim of presence because there was evidence that the receipts were not genuine or, at least, were unverified. Finally, the BIA permissibly found that the envelopes from China did not support Petitioner's claim of presence because there was forensic evidence that the envelopes were forged. In summary, the evidence does not compel a finding that Petitioner met his burden to prove presence in the United States before April 11, 1990.

■ 2. With respect to the asylum claim, we take Petitioner's testimony as true, because the BIA did not make an express adverse credibility finding. *See Kataria v. INS,* 232 F.3d 1107, 1114 (9th Cir.2000) (stating principle). Even so, Petitioner has provided no means to test the veracity of the out-of-court statements by his wife. She did not testify or supply a sworn affidavit stating that she was in fact sterilized involuntarily, and the record is devoid of reliable evidence to prove such a claim. *Cf. Murphy v. INS,* 54 F.3d 605, 611 (9th Cir.1995) (questioning, in a deportation hearing, the evidentiary weight of uncorroborated double-hearsay statements that are not subject to cross-examination).

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3. Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General.

The record lacks testimony from a witness who personally observed the events surrounding the alleged sterilization. Although we do not question that Petitioner's wife told him she underwent this procedure, Petitioner's testimony as to the truth of that assertion completely lacks foundation. On this record, the BIA was not required to find that Petitioner's wife had been involuntarily sterilized.

PETITION DENIED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.